IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| TANISHA JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:09-cv-1164 |
| | ) | |
| v. | ) | |
| | ) | JUDGE NIXON |
| THE ESTATE OF MERL VANDERHOOF, | ) | MAGISTRATE JUDGE BRYANT |
| | ) | JURY DEMAND |
| Defendant. | ) | |

**~~JOINT PROPOSED~~ INITIAL CASE MANAGEMENT ORDER**

Pursuant to LR 16.01(d), the following Initial Case Management Plan is adopted.

1. **Jurisdiction:**

Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1332 as the parties are

completely diverse. Defendant is a citizen of the State of Illinois and Plaintiff is a citizen of

Tennessee.

2. **Plaintiff's theory of the case:**

Both vehicles in the collision which forms the basis of this litigation were traveling west

on 1-24 in or near Nashville, Tennessee when the Plaintiff slowed due to the flow of traffic then

and there on the roadway and the vehicle driven by Merl Vanderhoof, now deceased, violently

struck the Plaintiff's vehicle from the rear. The Plaintiff's vehicle was a total loss due to this

collision.

Plaintiff asserts that the Defendant caused this collision. Defendant failed to maintain

proper lookout and control of his vehicle and further failed to avoid the collision. The Defendant

was traveling at speeds too fast for traffic conditions.

3. **Defendant's theory of the case:**

Both vehicles in the collision which forms the basis of this litigation were traveling west

on I-24 in or near Nashville, Tennessee when the Plaintiff stopped suddenly, and the vehicle driven by Merl Vanderhoof, deceased, accidentally and unavoidably struck the Plaintiff's vehicle from the rear. The Plaintiff's vehicle sustained only minor damage to the rear bumper. Defendant asserts that the Plaintiff caused the incident. Plaintiff stopped unexpectedly prior to the incident, and Defendant could not stop in time to avoid the impact. Furthermore, Defendant intends to refute Plaintiff's claims that the automobile accident was the cause of her claimed injuries and intends to take expert proof on the issue of causation.

4. **Identification of the issues:**

1) Whether the Defendant is liable to the Plaintiff for the injuries she claims to have sustained due to the incident which forms the basis of this litigation.

2) Whether the incident caused the Plaintiff's claimed injuries.

5. **Need for other claims or specials issues under Rules 13-15-, 17-21, and Rule 23 of the Federal Rules of Civil Procedure:**

The parties shall, by May 1, 2010, file any motion to amend the pleadings pursuant to Rule 15 of the Federal Rules of Civil Procedure.

6. **Witnesses, if known, subject to supplementation for each party:**

Martha Vanderhoof, wife of deceased driver Merl Vanderhoof, eyewitness;
Quincy Vanderhoof, administrator of the Estate of Merl Vanderhoof;
Plaintiff Tanisha Johnson;
Tanisha Johnson's medical provider(s), the identities of which shall be disclosed in
     discovery; and
Defendant's expert(s).

7. **Initial disclosures and staging of discovery:**

Plaintiff shall make her initial disclosures on or before March 8, 2010.

Defendant shall make its initial disclosures on or before March 22, 2010.

Prior to filing any discovery-related motion the parties will schedule and conduct a

2

telephone conference with the Magistrate Judge.

The parties shall complete written discovery on or before July 1, 2010.

Plaintiff shall disclose her experts on or before July 1, 2010 and present them for deposition by August 1, 2010. Defendant shall disclose his experts on or before August 30, 2010 and present them for deposition by September 30, 2010.

The parties shall complete depositions and other discovery on or before October 30, 2010.

8. **Dispositive motions:**

Dispositive motions shall be filed on or before November 30, 2010. Responses to any dispositive motion shall be filed on December 28, 2010. Movant's reply (if any) shall be filed on January 11, 2011. If a dispositive motion is filed early, the response and reply dates shall be adjusted and moved up accordingly so that the response is due 28 days after the motion is filed and the reply is due 42 days after the motion is filed. Any response memoranda are limited to 25 pages and the reply, if a reply is filed, it is limited to 5 pages, absent Court permission for extended pleading.

9. **Other deadlines:**

The parties propose that additional deadlines be addressed at a later date. None are anticipated at this time.

10. **Subsequent Case management conferences**:

A subsequent case management conference by telephone is set for June 2, 2010, at 10:00 a.m. Counsel for Plaintiff will initiate the call.

11. **Alternative dispute resolution:**

Alternative dispute resolution is not anticipated by the parties at this time.

12.      **Trial date:**

Jury trial is set to being on April 26, 2011, at 9:00 a.m. before Senior Judge Nixon. A

pretrial conference shall be held on  April 15, 2011, at 10:00 a.m.  Judge Nixon will issue a

separate order setting forth his requirements for both the trial and pretrial conference. Trial is

expected to take two days.



It is so **ORDERED:**


                                              *s/ John S. Bryant*
                                         ————————————————
                                              Hon. John S. Bryant
                                              United States Magistrate Judge

APPROVED BY:
DICKINSON WRIGHT PLLC


 By: s/Julie Hamner Johnston
Philip M. Kirkpatrick, BPR No. 6161
Julie Hamner Johnston, BPR No. 22408
Fifth Third Center, Suite 1401
424 Church Street
Nashville, TN 37219-2392
(615) 244-6538

Attorneys for Defendant Quincy Vanderhoof in his capacity as
Administrator of the Estate of Merl Vanderhoof

OGLE, ELROD & BARIL PLLC

By: s/ Timothy Grant Elrod
Timothy Grant Elrod
W. Levi Frye
Jason K. Baril
706 Walnut Street, Suite 700
Knoxville, TN  37902

Attorneys for Plaintiff


4